# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE FLORES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 17-0112-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Vicente Flores ("Plaintiff") challenges the Commissioner's denial of his application for disability insurance benefits ("DIB"). Plaintiff raises one claim in his challenge -- that the ALJ erred by not articulating clear and convincing reasons for discounting his subjective symptoms. After examining the ALJ's decision addressing Plaintiff's symptoms, the Court cannot discern on what ground(s) the ALJ discounted Plaintiff's symptom testimony and thus reversal of the Commissioner's decision is warranted. For the reasons stated below, the decision of the Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this Order.

# 1. The ALJ Erred in Discounting Plaintiff's Testimony Regarding her Subjective Symptoms

The Court's review of the ALJ's decision discussing Plaintiff's subjective symptom testimony shows the following.

In evaluating Plaintiff's symptoms, the ALJ began by reciting the relevant and familiar two-step analysis that an ALJ undertakes in assessing a claimant's testimony regarding subjective pain or the intensity of symptoms: (1) the ALJ must determine whether there is an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged; and (2) if so, the ALJ must "evaluate the intensity, persistence, and limiting effects of [Plaintiff's] symptoms to determine the extent to which they limit [Plaintiff's] functioning." AR 32; *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (In assessing the credibility of a claimant's symptom testimony, "[f]irst, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged;" if so, and if the ALJ does not find evidence of malingering, the ALJ must provide "specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of the claimant's symptoms").

After reciting this two-step analysis, the ALJ summarized some, but notably not all, of Plaintiff's symptom testimony. AR 32-33. As Plaintiff highlights, the ALJ did not include in his summary a description of Plaintiff's fatigue symptoms or his need for naps. Joint Stipulation ("JS") at 7. After summarizing Plaintiff's symptoms, the ALJ next discussed the medical assessments and reports of the medical expert and the consultative examiner. AR 34. Then, in a conclusory fashion, the ALJ stated, "Altogether, the weight of the medical opinion, as well as the subjective complaints from [Plaintiff] and his wife, are credited to the extent that [Plaintiff] is found to have had a residual functional capacity" consistent with

the residual functional capacity assessed by the ALJ in his decision. AR 34.

It is well settled that in assessing the credibility of a claimant's symptom testimony, the ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "General findings are insufficient." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

On this record, the Court cannot determine on what ground(s) the ALJ discounted Plaintiff's subjective symptom testimony. Because no malingering allegation was made, the ALJ's reasons must be "clear and convincing." *Treichler*, 775 F.3d at 1102. The Commissioner makes several arguments in support of the ALJ's findings. But as Plaintiff correctly points out, the ALJ never articulated these reasons, and this Court cannot affirm on grounds on which the ALJ did not rely. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

The Court concludes that the ALJ did not give clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's subjective symptom testimony. Accordingly, remand is warranted on this issue.

### 2. Remand for Further Administrative Proceedings

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id*. (citations omitted). Even if all three requirements are met, the Court

retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. The Court finds that the ALJ failed to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's subjective symptom testimony.

On remand, the ALJ shall reassess Plaintiff's subjective allegations in light of SSR 16-3p – Evaluation of Symptoms in Disability Claims, *available at* 2016 WL 1119029 (Mar. 16, 2016), which would apply upon remand. The ALJ shall then reassess Plaintiff's residual functional capacity in light of the reassessment of Plaintiff's subjective allegations and proceed through steps four and five to determine what work, if any, Plaintiff is capable of performing.

**3. Conclusion**

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: November 30, 2017

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**